UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RITA C. DOWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HAPO COMMUNITY CREDIT UNION,<br>a Washington Corporation,<br>RANDY LUCHSINGER, and JANE<br>DOE LUCHSINGER, DAVID SCHULTZ<br>AND JANE DOE SCHULTZ,<br><br>　　　　　Defendants. | NO. CV-04-5098-EFS<br><br>**ORDER HOLDING IN ABEYANCE IN PART, GRANTING IN PART, AND DENYING IN PART, DEFENDANTS' MOTION FOR A PROTECTIVE ORDER.** |

　　　Before the Court is Defendants' Motion for a Protective Order. (Ct. Rec. 60.) Defendants Motion seeks orders: (1) Barring any Further Electronic Discovery; (2) Requiring Dowell to Finance any Further Electronic Discovery, if any; (3) Barring Dowell from Making Further Non-Electronic Discovery Requests Unless the Request Constitutes a Legitimate Follow Up from Deposition Testimony; and (4) Barring Dowell from Arguing or Asserting that Defendants have Spoilated Evidence. The Court has reviewed the parties' memoranda and supporting attachments and is fully informed.  For the reasons stated herein, the Defendants' motion for a Protective Order is HELD IN ABEYANCE IN PART, GRANTED IN PART, and DENIED IN PART. Specifically, Defendants' request

ORDER DENYING MOTION FOR A PROTECTIVE ORDER ~ 1

for orders one (1), two (2), and three (3) are GRANTED, while request four (4) is DENIED.

## I. BACKGROUND

Defendant HAPO Community Credit Union ("HAPO"), Randy Luchsinger and David Schultz filed a Motion for a Protective Order to prohibit Plaintiff Dowell from seeking any future electronic discovery. (In addition, HAPO filed a substantially similar Motion for Protective Order in the cases of Danny Mac (CV-04-5110-EFS) and Ray Martin (CV-04-5109-EFS)). Plaintiff Dowell filed suit on August 17, 2004, against HAPO, Randy Luchsinger, and David Schultz alleging sexual, age, and retaliatory discrimination. (Ct. Rec. 1.) Soon after Plaintiff filed the instant suit, she received information regarding HAPO's alleged destruction of documents related to the instant case. (Ct. Rec. 24 at 1-2.) Accordingly, the Court signed a Stipulated Order for the Preservation of Documents and Other Discovery Matters on October, 18, 2004, and Plaintiff paid $10,000 to preserve a copy of HAPO's hard drive. (Ct. Recs. 30 & 46-2 at 35.)

Plaintiff Dowell requested discovery of files contained on HAPO hard drives relating to her employment discrimination claim. On April 11, 2005, the Court signed a Stipulated Order Regarding Protocol for Electronic Discovery. (Ct. Rec. 42.) Both parties compromised to establish a workable electronic discovery plan using "keyword" searches of HAPO's hard drive. The parties trimmed Dowell's original request for 164 search terms to fifty (50) words. (Ct. Rec. 30)

On May 1, 2005 HAPO's computer search expert, Mr. Gordon Mitchell conducted a search of HAPO's hard drive. (Ct. Rec. 76-2.) As stated in

the Stipulated Electronic Discovery Protocol, the parties agreed that keywords producing more than 500 hits would not be evaluated. (Ct. Rec. 42.) Of the fifty (50) search terms, thirty-three (33) had hits, (Ct. Rec. 76-2.), while two words, "tournament" and "golf" were estimated to produce over 500 hits. Mr. Mitchell turned over 2300 documents to defense counsel for these thirty-three search terms. (Ct. Rec. 76-2.) On June 10, 2005, Defense counsel turned over 1100 pages corresponding to thirteen (13) search terms to Plaintiff. (Ct. Rec. 76-2.) Defendants anticipate Plaintiff will seek further electronic discovery and are especially weary of Plaintiff's continuing suggestions that HAPO turn over the hard drive to Plaintiff's expert. Accordingly, Defendants seek a protective order to prohibit Plaintiff from seeking further electronic discovery.

**1. Further Electronic Discovery**

Under the Federal Rules of Civil Procedure, the Court may issue a protective order for "good cause shown," to protect a person or party from "annoyance, embarrassment, oppression, or undue burden or expense," when justice so requires. Fed. R. Civ. P. 26(c). The Defendants argue further electronic discovery will present HAPO with an undue burden. When determining whether "good cause" exists for a protective order, a court must balance the need for discovery against the burdens such discovery places on the parties. *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). The requesting party bears the burden of demonstrating to the Court the specific harm that will occur if discovery is not limited. *Phillips v. Gen. Motors*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

ORDER DENYING MOTION FOR A PROTECTIVE ORDER ~ 3

1    Typically the party seeking discovery is not allowed free access
2 to the opposing party's hard drive. *See In re Ford Motor Co.*, 345 F.3d
3 1315, 1317 (11th Cir. 2003).  Such a process might allow the opposing
4 party to have access to trade secrets and privileged attorney client
5 information.  Accordingly, Plaintiff's expert shall not have access to
6 Defendants' hard drive absent a showing of evidence necessitating such
7 access.
8    In the case at hand, the Defendants worked with the Plaintiffs to
9 substantially produce the results contemplated by the Stipulated
10 Electronic Discovery Protocol. The parties agreed on an targeted
11 keyword search to both increase the chance of finding responsive
12 documents and decrease the Defendants' burden associated with
13 producing such documents.
14    The Defendants have already produced 1100 electronic discovery
15 documents at a cost of $23,000. **(Ct. Rec. 63 at 12.)** In addition,
16 counsel for Defendants spent a significant amount of time preparing
17 for the search and drafting the Stipulated Electronic Discovery
18 Protocol.  (Ct Rec. 63 at 12.) Consequently, the Court finds that the
19 Defendants have shown "good cause" regarding the undue burden
20 associated with further electronic discovery.
21    However, the Court's Order Prohibiting Further Electronic
22 Discovery is contingent on the conditions described below. First, the
23 Court orders Defendants to file a declaration explaining why the words
24 "tournament" and "golf" were stopped before 500 "hits" was reached. In
25 addition, Defendants are ordered to explain why they used an
26 "individual hit" method in estimating whether a word would receive 500

ORDER DENYING MOTION FOR A PROTECTIVE ORDER ~ 4

hits. Although the Stipulated Electronic Discovery Protocol mandates that only words receiving less than 500 "hits" be produced, it appears that there is some confusion over the word "hits." For example, Mr. Mitchell stated he stopped the search for the word "tournament" because there were 400 documents averaging two or more hits each, thus providing an estimate of 800 hits. (Cr. Rec. 67-2.) Such a procedure for examining hits would allow one document with the word tournament repeated several times over to influence the total hit count, even though only one document need be examined. Mr. Richard Haugen, the Plaintiff's expert, describes this discrepancy between "individual hits" and "hits within a document" in his declaration. (Ct. Rec. 75 at 2).

Second, the Court orders Defendants to produce a list of documents turned over by Mr. Mitchell to Defense Counsel by file-name only. Any documents where the <u>file-name itself</u> is subject to some privilege (work-product, attorney client, etc.) are exempt from this requirement. Assuming Defendants meet both requirements, the Court will grant the Defendants' Motion for a Protective Order Prohibiting Further Electronic Discovery. However, Plaintiff may renew the request for electronic discovery upon a showing of new evidence that additional electronic discovery is likely to produce discoverable information. Such a request will be subject to the Order on cost-sharing described below.

**2. Cost-Sharing**

Because of the difficulty in extracting and searching for electronic discovery, courts have developed a framework to evaluate

ORDER DENYING MOTION FOR A PROTECTIVE ORDER ~ 5

which party must bear the financial burden of electronic discovery. *See e.g. Zubalake v. UBS Warburg LLC*, 217 F.R.D. 309 (S.D.N.Y. 2003); *Rowe Entertainment Inc. v. the William Morris Agency, Inc.*, 205 F.R.D. 421 (S.D.N.Y. 2002). *Zubalake* modified the framework set forth in *William Morris*, resulting in the following eight-factor test:

> 1. The extent to which the request is specifically tailored to discover relevant information;
> 2. The availability of such information from other sources;
> 3. The total cost of production, compared to the amount in controversy;
> 4. The total cost of production, compared to the resources available to each party;
> 5. The relative ability of each party to control costs and its incentive to do so;
> 6. The importance of the issues at stake in the litigation; and
> 7. The relative benefits to the parties of obtaining the information.

*Zubalake*, 217 F.R.D. at 322.

According to the court in *Zubalake*, the first two factors are the most important. *Id.* at 323. In addition, the court held that cost shifting should occur in cases where the information is on a difficult to retrieve medium, such as back-up tapes, or where fragmented files must be searched. *Id.* at 324.

In the instant case, the first factor weighs in the Defendants' favor. The parties have already formed an agreement specifically tailored to discover relevant information and limited so as not to be unduly burdensome. The information resulting from this search has been produced to Plaintiff. The second factor is a toss up because Plaintiff can depose employees to ask if certain files are on their hard drive or inbox, but such requests might not be effective for documents produced years ago. So far, total discovery costs are

ORDER DENYING MOTION FOR A PROTECTIVE ORDER ~ 6

$33,000; Defendants have spent $23,000 on an expert to conduct discovery, and Plaintiff has spent $10,000 to preserve the contents of HAPO's hard drive. It follows that a significant amount of money has been spent on discovery by the Defendants to date, and the third and fourth factors weigh in the Defendants favor. Finally, the Plaintiff is likely the only party to benefit from conducting a further search. The Court finds that the majority of the factors weigh towards requiring the Plaintiff to pay for electronic discovery requests.

A multi-factor analysis indicates that Plaintiff should finance an future discovery. This is especially proper given that Plaintiff wishes to search back-up tapes and for fragmented documents, two of the key instances in which *Zublake* felt cost-shifting to be necessary. Accordingly, the Court grants the Defendant's Motion for a Protective Order Requiring Dowell to Bear the Cost of Future Electronic Discovery, and if Plaintiff is able to meet the standard proscribed above for future electronic discovery, the Court orders that Plaintiff finance such discovery.

**3.   Further Non-Electronic Discovery**

The Defendants seek to prohibit Dowell from seeking any further non-electronic discovery given the 5000 documents already produced by the Defendants. The Court finds any future requests to be unduly burdensome in light of Defendants' past production, and grants the Defendants' Motion for a Protective Order Baring any Future Non-Electronic Discovery. However, Plaintiffs may seek further non-electronic discovery based on a legitimate follow up to a deposition or any of the newly discovered items.

**4. Arguing or Asserting Spoilation**

The Defendants argue Dowell's ongoing references to HAPO's destruction of documents are unsubstantiated. However, given Danny Mac's testimony, the court finds there to be a legitimate factual dispute over whether some form of document manipulation occurred as a result of Ms. Dowell's lawsuit. Accordingly, the Court denies Defendants' Motion for a Protective Order Barring Dowell from Arguing or Asserting that Defendants have spoilated evidence.

**IT IS HEREBY ORDERED** that Defendants' Motion for a Protective Order, **(Ct. Rec. 60)**, is **HELD IN ABEYANCE IN PART, GRANTED IN PART, AND DENIED IN PART.** Specifically,

1. Defendants Motion for a Protective Order Barring any Future Electronic Discovery is **HELD IN ABEYANCE** until Defendants:

   a. File a Declaration with the Court explaining why searches for the words "golf" and "tournament" were stopped prior to reaching 500 hits, and explaining why the "individual hits" instead of the "hits within a document" definition of hits was used to exclude these search terms; and

   b. Produce to Plaintiff a list of all documents receiving hits in Mr. Mitchell's May 1, 2005, search.

After such production, the Court will **GRANT** the Defendants' Motion for a Protective Order Barring any Future Electronic Discovery. However, Plaintiff may seek future discovery upon a showing that new evidence indicates future discover is likely to lead to discoverable information.

   2. Defendants' Motion for a Protective Order Requiring Dowell to

ORDER DENYING MOTION FOR A PROTECTIVE ORDER ~ 8

Bear the Entire Cost of Further Electronic Discovery, if any, is **GRANTED**. Therefore, Plaintiff may seek further electronic discovery if (1) Plaintiff makes a showing that new evidence indicates future discovery is likely to lead to discoverable information, and (2) Plaintiff finances such discovery.

3. Defendants' Motion for a Protective Order Barring Dowell From Making Further Non-Electronic Discovery Requests is **GRANTED**, absent Plaintiff's legitimate follow-up question from a deposition or newly produced discovery.

4. Defendants' Motion for a Protective Order Barring Dowell from Arguing or Asserting that Defendants Have Spoilated Evidence is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order; and provide copies to all counsel.

**DATED** this  29th   day of August 2005.


                        S/Edward F. Shea
                         EDWARD F. SHEA
                    United States District Judge


Q:\LawClerk\Summer Externs\2005 Externs\Kathryn\04-5098.MPORD.wpd

ORDER DENYING MOTION FOR A PROTECTIVE ORDER ~ 9